KFC CORPORATION, Plaintiff,

v.

Anna GOLDEY, Defendant.

Civ. A. No. C 88–0655–L(A).

United States District Court,
W.D. Kentucky,
At Louisville.

Jan. 3, 1990.

See also, D.C., 714 F.Supp. 264.

Pamela M. Greenwell, William C. Boone and Culver V. Halliday, Greenebaum Boone Treitz Maggiolo Reisz and Brown, Louisville, Ky., for plaintiff.

David Russell Marshall for Anna Goldey, Nicholasville, Ky., Donald L. Cox, Mary Janice Lintner, Lynch Cox Gilman & Mahan, Louisville, Ky., for defendant.

## MEMORANDUM OPINION

ALLEN, Senior District Judge.

This case presents plaintiff's claim that defendant infringed plaintiff's trademark rights and unfairly competed with plaintiff by holding herself out as having the right to use the plaintiff's trademark. The matter is now before the Court on plaintiff's motion for summary judgment.

In June 1989, following an evidentiary hearing in which plaintiff and defendant fully participated, this Court entered a preliminary injunction. 714 F.Supp. 264. Among the conclusions supporting issuance

of the preliminary injunctions was the Court's belief that there was no genuine issue of fact concerning defendant's violation of certain contractual agreements. Subsequently, plaintiff filed the current motion for summary judgment, abandoning its claim for damages and seeking this Court's order making the preliminary relief permanent, based on defendant's violation of the franchise documents. As defendant indicated her lack of objection to her counsel's request to withdraw, the Court thereafter permitted the withdrawal of counsel. While the Court has delayed addressing the motion for summary judgment in order to provide defendant an opportunity to obtain substitute counsel, she has neither responded to the motion nor notified the Court of substitute counsel. We believe the interests of justice require that we proceed to rule on the motion for summary judgment.

■ It is well-established that no dispute of fact exists unless the non-movant has presented evidence of facts which, if proven at trial, would justify a jury verdict for the non-movant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). For the reasons set forth in our June 2, 1989 opinion, we believe that the record taken as a whole could not lead a rational trier of fact to find for defendant, such that there is no genuine issue for trial, and summary disposition is appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Defendant has presented nothing in response to the motion for summary judgment that casts doubt on this conclusion. Accordingly, for the reasons set forth in this Court's June 2, 1989 opinion, there being no genuine dispute of material fact, plaintiff is entitled to judgment as a matter of law with regard to its complaint for injunctive relief.

■ Plaintiff also seeks judgment in its favor as to defendant's counterclaims for breach of fiduciary duty and for interference with prospective business advantage. Neither defendant nor our own research has brought to the attention of the Court any authority for the proposition that a franchise agreement imposes fiduciary duties between the contracting parties. Furthermore, in this case the relationship between the parties was not defined solely by the original franchise agreement, but by the subsequent contractual agreements as well. Indeed, even if the Court were to posit the existence of some sort of fiduciary relationship, we would nonetheless fail to see any evidence of violation of such a duty in plaintiff's reliance on its contractual rights. With regard to the claim of interference with prospective business advantage, we have previously observed that recognition of this claim, which relates to defendant's wish to sell her franchise *after* the termination of the franchise relationship, would require that we hold the termination to be of no effect. There is no legal basis for so doing. Accordingly, plaintiff is entitled to judgment on the counterclaims as well.

An order in conformity herewith has this day entered.

## SUMMARY JUDGMENT

This matter having come before the Court on plaintiff's motion for summary judgment, and plaintiff having waived any claim for damages or attorney fees in the interest of finalization of the injunctive relief requested, and the Court having entered its memorandum opinion and being advised,

IT IS ORDERED AND ADJUDGED that plaintiff's motion for summary judgment is sustained, and defendant's counterclaims are dismissed.

IT IS FURTHER ORDERED AND ADJUDGED that the preliminary injunction entered on June 2, 1989 is made permanent.

This is a final and appealable order and there is no just cause for delay.